FRANK J. ENDEJAN, District Attorney Fond du Lac County
You have requested an opinion on the legality of a group holding a "Las Vegas night" wherein the participants gamble with play money and utilize their winnings at the end of the evening by bidding for prizes that have been donated by local merchants or other sponsors. The participants are asked either to pay an entry fee to the event or make a contribution at the door to enable them to participate in the gambling event.
It is my opinion that whoever conducts this event is guilty of violating sec. 945.02 (3), Stats. That section provides in part:
 Whoever does any of the following is guilty of a Class B misdemeanor:
. . . .
 (3) Conducts a lottery, or with intent to conduct a lottery, possesses the facilities to do so.
Section 945.01 (2)(a), Stats., defines a lottery as "an enterprise wherein for a consideration the participants are given an opportunity to win a prize, the award of which is determined by chance, even though accompanied by some skill." In my opinion, all three elements, consideration, prize and chance are present in the event you describe.
The consideration is the payment of a fee or the giving of a donation in order to participate in the event. The prize in this case is the *Page 60 
ability to use the play money at the end of the event for the purchase of prizes. Lastly, the play money is acquired largely by chance.
Several other statutory provisions may also be applicable.
Section 945.04, Stats., provides:
 Whoever intentionally does any of the following is guilty of a Class A misdemeanor:
 (1) Permits any real estate owned or occupied by him or under his control to be used as a gambling place; or
 (2) Permits a gambling machine to be set up for use for the purpose of gambling in a place under his control.
In addition, sec. 945.05, Stats., which makes it a felony to commercially transfer any device that is designed exclusively for gambling purposes, may be applicable to the promoter of a "Las Vegas night" depending upon the facts.
Consideration, depending upon the circumstances, may also be given to sec. 945.02 (1), (2), Stats., which makes it a misdemeanor to bet or to enter or be in a gambling place to participate in a lottery or to play a gambling machine.
Section 945.03, Stats., which makes commercial gambling as therein defined a felony, may also be applicable depending upon the facts.
Finally, I would call your attention to another problem which may exist for the owner of a building, if the building or premises on which the "Las Vegas night" is being conducted is covered by intoxicating liquor or fermented malt beverage licenses. See sec. 945.041, Stats.
You do not state in your letter who is conducting these Las Vegas nights, and it may be that they are being conducted by benevolent and nonprofit organizations for charitable purposes. If this is the case, these events are still in violation of Wisconsin law since there is no exception made in the law for such groups.
BCL:WHW *Page 61